OWEN's adm'rs vs. ASHLOCK.

1. Where plaintiff puts defendant in possession of a draft for money, to secure him as endorser on a note, and plaintiff afterwards pays the note and releases the liability of defendant as endorser—defendant is not liable to plaintiff in an action for money, unless the actual receipt of money on the draft, or its equivalent, is shewn.

Error to Mobile County court.

Assumpst, for money had, &c.

The questions involved in this case, arise from exceptions taken at the trial, in the progress of which, it appeared that Owen, the intestate, in the month of February, eighteen hundred and thirty-six, endorsed a note for three thousand dollars, for the accommodation of Ashlock, the plaintiff below, which note was discounted by the Branch of the Bank of the State of Alabama at Mobile, the proceeds being received by the said Ashlock, who, in order to secure Owen against the endorsement, delivered to him an order for the same sum, drawn by the Mayor and Aldermen of the city of Mobile, upon their treasurer, payable to Ashlock. The note was afterwards arranged by Ashlock with the Bank, so that Owen was discharged from liability as endorser. The note was not produced, nor its absence in any way accounted for. This being all the evidence adduced on the trial, the defendants below asked the County court to exclude it from the jury, because the note was the best evidence, and ought, as they insisted, to have been produced, or its absence accounted for. The court refused to exclude the

9 P                    53

evidence, and the defendants excepted.    They then asked the court to charge the jury, that to entitle the plaintiff to recover, he ought to have proved the collection of the order by Owen in his life-time, or by the defendants, since his death, the appropriation of it to his or their use, or that he had demanded the order of Owen in his life-time, or of the defendants, since his death.    This the court refused, and instructed the jury, if they believed Ashlock had satisfied the Bank, and thereby discharged Owen, as endorser, then, if the order had been delivered to Owen, to counter secure him, as before stated, they ought, without further proof, to find for the plaintiff. To the refusal to charge as requested, and to the charge, as given, the defendants also also excepted.

*J. A. Campbell,* for plaintiff in error.
*Stewart,* contra.


GOLDTHWAITE, J.—The motion of the defendants below, to reject the evidence then before the jury, seems to have been made under a misapprehension of the effect of the proof.    The contract for the pledge of the order, does not appear to have been in writing.    If the note had been introduced in evidence, it would not have established this contract, nor in any manner explained the transaction between Owen and Ashlock. Neither would it have evidenced the contract by which the Bank discharged the former from his responsibility as endorser, as the evidence before the jury did not prove that the discharge was by matter in writing on the note.    There was, then, no reason, in this case, to suppose that the

Owen's adm'rs *vs.* Ashlock.

note, if produced, would have shown any of the facts connected with the issue, in a more perfect manner than was shown by the parol evidence.  Indeed, the production of the note, would have established no fact whatever, connected with this controversy.  There was, therefore, no error in refusing to reject the evidence, because of the non-production of the note endorsed by Owen.

The delivery of the order drawn by the Mayor and Aldermen of the city of Mobile, on their treasurer, constituted, under the circumstances of this case, a simple pledge, which Owen or his personal representatives were authorised to retain until their liability on the endorsement was discharged, and in that event only, had Ashlock a right to receive it back.  Even when the liability ceased, no obligation to pay the amount of the order, was incurred by Owen or his personal representatives, unless the money was actually received by them.  If Owen, in his life-time, had converted the order to his own use, he would have become liable in another form of action, or he might have been held liable for the money which came to his hands, but the mere discharge of the liability of Owen on his endorsement, did not impose on him, or his personal representatives, the liability to answer to Ashlock for the amount of the order.

The charge requested by the plaintiffs in error, was less favorable than they might have asked for, as it is questionable if they could be accountable, *in this form of action,* unless the actual receipt of money, or its equivalent, was shown.

For the error in refusing the charge asked for, the judgment of the County court must be reversed, and the case remanded.